UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>PEDRO GODINEZ-ORTIZ,<br><br>              Defendant. | Criminal Case No. 07CR1046-L<br><br>ORDER REMANDING DEFENDANT TO FMC-BUTNER SO THAT FACILITY MAY CONDUCT A HEARING PURSUANT TO 28 C.F.R. § 549.43 |

On June 21, 2007, United States Magistrate Judge Louisa A. Porter found, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or assist properly in his defense, pursuant to 18 U.S.C. § 4241(d)(l), and committed Defendant to the care and custody of the Attorney General.

On November 6, 2007, the United States filed a motion to, in pertinent part: (1) remand Defendant to the Federal Medical Center in Butner, North Carolina ("FMC-Butner") to provide the facility an opportunity to conduct a hearing pursuant to 28 C.F.R. § 549.43; (2) conduct a hearing to determine whether defendant may be involuntarily medicated; and (3) order the release of Defendant's medical records to his treating clinicians.

The Court finds that it would aid its consideration of whether Defendant can be medicated involuntarily pursuant to either Washington v. Harper, 494 U.S. 210 (1990), or Sell v. United States, 539 U.S. 166 (2003), for FMC-Butner, the facility where Defendant has been housed

subsequent to being committed to the custody of the Attorney General by this Court, to conduct a hearing pursuant to 28 C.F.R. § 549.43. The Court further finds, pursuant to 18 U.S.C. § 4241(d)(2)(A), that there remains a substantial probability that Defendant will attain the capacity to permit the proceedings in this case to go forward in a reasonable period of time.

The Ninth Circuit recently reiterated the importance of conducting a thorough inquiry pursuant to Harper. In United States v. Hernandez-Vasquez, --- F.3d ----, 2007 WL 3171422 (9th Cir. 2007), the Court stated that prior to undertaking a "Sell inquiry, a district court ordinarily should make a specific determination on the record that no other basis for forcibly administering medication is reasonably available. If a district court does not conduct a dangerousness inquiry under Harper, it should state for the record why it is not doing so." Id. at *3.

FMC-Butner has yet to conduct a hearing concerning the Defendant pursuant to 28 C.F.R. § 549.43. Whether or not the 28 C.F.R. § 549.43 process is legally a prerequisite to this Court's consideration of whether Defendant can be medicated involuntarily on the grounds outlined in Harper or Sell, a 28 C.F.R. § 549.43 hearing, and the report generated after such a hearing, would certainly aid the Court in its analysis regardless.

Therefore, IT IS HEREBY ORDERED that Defendant be remanded to FMC-Butner for a period not to exceed 30 days, so that the facility may conduct a hearing concerning Defendant pursuant to 28 C.F.R. § 549.43. The United States shall make all practicable efforts to expeditiously transport Defendant to FMC-Butner.

IT IS FURTHER ORDERED that any report issued as a result of that hearing should promptly be forwarded to the Court, Assistant U.S. Attorney William A. Hall, Jr., 880 Front Street, Room 6293, San Diego, CA 92101, and Stephen D. Demik, Esq., Federal Defenders of San Diego, Inc., 225 Broadway, Suite 900, San Diego, CA 92101.

IT IS FURTHER ORDERED that Defendant is re-committed to the custody of the Attorney General of the United States for a reasonable period of time, not less than 30 days, pursuant to 18

U.S.C. § 4241(d)(2)(A), as there remains a substantial probability that Defendant will attain the capacity to permit the proceedings in this case to go forward.

IT IS FURTHER ORDERED that the parties appear for a status conference on December 17, 2007, to address issues related to this Order and the United States' still-pending motion to conduct a hearing to determine whether defendant may be involuntarily medicated. The United States shall make all practicable efforts to expeditiously transport Defendant back from FMC-Butner for this proceeding.

IT IS FURTHER ORDERED that any commitment, hospitalization, and examination of Defendant continues to be at the expense of the United States Department of Justice.

IT IS FURTHER ORDERED that Atascadero and Patton State Hospitals release Defendant's medical records to Defendant's treating clinicians at FMC-Butner. Defendant's treating clinicians may serve this Order on these medical facilities as appropriate, if necessary.

Pursuant to 18 U.S.C. § 3161(h)(a)(A), the Court finds that the entire period for the examination, hospitalization, and treatment of Defendant shall be excluded.

**IT IS SO ORDERED**.

DATED: November 21, 2007

_____
M. James Lorenz
United States District Court Judge