UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR1046-L |
|---|---|---|
| Plaintiff, | ) | **ORDER REQUIRING HEARING** |
| v. | ) | |
| PEDRO GODINEZ-ORTIZ, | ) | |
| Defendant. | ) | |

      On June 21, 2007, United States Magistrate Judge Louisa A. Porter found, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings against him or assist properly in his defense, pursuant to 18 U.S.C. § 4241(d)(l), and committed Defendant to the care and custody of the Attorney General.

      On November 6, 2007, the United States filed a motion to, in pertinent part: (1) remand Defendant to the Federal Medical Center in Butner, North Carolina ("FMC-Butner")[1] to provide the facility an opportunity to conduct a hearing pursuant to 28 C.F.R. § 549.43; (2) conduct a hearing to determine whether defendant may be involuntarily medicated; and (3) order the release of Defendant's medical records to his treating clinicians.

---

[1] FMC Butner is the facility where Defendant has been housed subsequent to being committed to the custody of the Attorney General.

On November 21, 2007, based on the opinions and documentation provided by clinical staff at FMC Butner, the Court determined that a substantial probability remains that Defendant will attain the capacity to permit the proceedings in this case to go forward in a reasonable period of time pursuant to 18 U.S.C. § 4241(d)(2)(A). The Court also ordered FMC-Butner to conduct a hearing pursuant to 28 C.F.R. § 549.43 to aid in the Court's further consideration of whether the Defendant could be medicated involuntarily pursuant to either *Washington v. Harper*, 494 U.S. 210 (1990), or *Sell v. United States*, 539 U.S. 166 (2003). That hearing resulted in a negative finding as to Defendant's "dangerousness." FMC Butner determined that the Defendant did not meet the criteria for involuntary treatment pursuant to *Harper* and requested that this Court determine the appropriateness for involuntary treatment pursuant to *Sell*.

Therefore in accordance with that request, it is **ORDERED** that the parties appear for a ***Sell* Hearing** on **March 19, 2008, at 9:30 a.m.** to determine whether defendant may be involuntarily medicated pursuant to *Sell*. The United States shall make all practicable efforts to expeditiously transport Defendant back from FMC Butner in advance of this proceeding. The United States will also make arrangements to have FMC Butner clinicians available for the *Sell* hearing, either by phone or video conferencing.

**IT IS FURTHER ORDERED** that the parties submit to the Court: 1) full "sentencing" related briefing, which indicates in detail what the likely guideline sentencing range would be for this Defendant; and 2) a full analysis of Defendant's criminal history. The parties are also granted leave to amend their previous submissions and may provide any additional documentation relating to the *Sell* inquiry, which would benefit the Court in its determination. This briefing is due no later than **March 10, 2008.**

**IT IS FURTHER ORDERED** that any independent medical evaluation by the Defendant should occur prior to the *Sell* hearing. The Defendant is to provide the Court with any necessary reports or documentation related to the medical evaluation prior to the briefing deadline listed above.

2

**IT IS FURTHER ORDERED** that Defendant is to remain in the custody of the Attorney General of the United States for a reasonable period of time, not less than 30 days, pursuant to 18 U.S.C. § 4241(d)(2)(A). *See e.g., United States v. Friedman*, 366 F.3d 975, 978 (9th Cir. 2004).

Pursuant to 18 U.S.C. § 3161(h)(a)(A), the Court finds that the entire period for the examination, hospitalization, and treatment of Defendant shall continue to be excluded.

**IT IS SO ORDERED**.

DATED: February 1, 2008

_____
M. James Lorenz
United States District Court Judge