UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07-CR-1046-L |
| Plaintiff, | ) ) | **ORDER REQUIRING SELL HEARING** |
| v. | ) ) | |
| PEDRO GODINEZ-ORTIZ, | ) ) | |
| Defendant. | ) ) | |

Presently before the Court is: 1) Defendant Pedro Godinez-Ortiz' ("Defendant") request to evaluate the sufficiency of the governmental interest in forcibly medicating him; and 2) whether the Court should proceed forward to a formal *Sell* hearing. Defendant has provided supplemental authority in support of his opposition to involuntary medication. Specifically, Defendant has provided this Court with Reporter's Transcripts from a motion hearing held before Judge Whelan in the case of *United States v. Palos-Juarez*, Case No. 08CR0584, which pertained to the involuntary medication of a defendant who was also charged with attempted unlawful re-entry after deportation, in violation of 8 U.S.C. § 1326.

Defense counsel primarily argues that under *Sell* this Court is precluded from looking at Defendant's prior criminal history, and should instead focus solely on the facts of the case surrounding the offense charged. The Court, however, is not persuaded by Defense counsel's arguments in light of *United States v. Hernandez-Velasquez*, 513 F.3d 908 (9th Cir. 2008). In *Hernandez-Velasquez*, the Ninth Circuit concluded that a Defendant's "likely [sentencing] guideline

range is the appropriate starting point for the analysis of a crime's seriousness." *Id.* at 919. The Ninth Circuit further stated that "at least under some circumstances, a violation of § 1326 may constitute a 'serious' crime sufficient to justify involuntary medication under Sell." *Id.*

The evaluation of a defendant's prior criminal history aids in determining what constitutes a serious crime in a § 1326 case due to the sentencing enhancement that is imposed to aggravated felons (a category which the Defendant falls into) as the enhancement ultimately increases a defendant's potential sentence.  Therefore, defense counsel's  objections relating to the evaluation of a defendant's prior criminal history in the determination of what constitutes a serious crime, and the suggested approach of limiting the Court's inquiry, are both **DENIED**.  Therefore, this Court will conduct a formal *Sell* hearing, which will be scheduled at the next Status Hearing in accordance with the parties' availability.

The Court, however, makes no determination at this time whether there are important governmental interests at stake in this particular case.  That determination will not be made until the Court has reviewed the entire record.

**IT IS SO ORDERED**.

DATED: April 16, 2008

M. James Lorenz
United States District Court Judge